UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**HARRY NIE,**

                Petitioner,

v.                                         Civil Action No. 2:19-cv-481

**COMMONWEALTH OF VIRGINIA,**

                Respondent.

## REPORT AND RECOMMENDATION

Petitioner Harry Nie ("Nie" or "Petitioner") filed a Motion to Vacate pursuant to Federal Rule of Civil Procedure 60(b) on September 13, 2019, ECF No. 1, challenging three orders issued by this court in Civil Action No. 2:11-cv-666: (1) a September 13, 2012 dismissal with prejudice of a federal habeas petition; (2) an April 2, 2014 denial of a prior Rule 60(b) motion; and (3) a June 5, 2014 denial of a motion for "judicial notice of facts." According to Nie, the court was biased and lacked jurisdiction. Mot. Vacate (ECF No. 1, at 2-6). On September 30, 2019, Nie filed an additional document, ECF No. 3, which has been docketed as an amendment to the present Rule 60(b) Motion. The "Amendment" is another motion to vacate addressed to the Alexandria Circuit Court, wherein Nie argues that his April 2010 convictions of incest and aggravated sexual battery are void because of a series of constitutional violations that occurred during his trial court proceedings in Prince William County. Amendment (ECF No. 3, at 1-13).

Respondent moves to dismiss both the Rule 60(b) Motion and the Amendment, ECF No. 14, arguing that (1) the orders that Petitioner disputes were proper because the court had jurisdiction and correctly applied the law; and (2) the Amendment constitutes an impermissible

successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3). Resp't's Mem. Supp. Mot. Dismiss ("Resp't's Mem.") 2-9 (ECF No. 15). The undersigned agrees and thus recommends that the court grant Respondent's Motion to Dismiss, deny the Rule 60(b) Motion, and dismiss the Amendment.

## I. Statement of the Case

### A. Prior Proceedings

Much of the procedural history from Nie's underlying convictions has been set forth in the undersigned's previous report and recommendation, Nie v. Clarke, No. 2:11-cv-666, 2012 WL 4069542, at *1 (E.D. Va. Aug. 10, 2012), R. & R. adopted, 2012 WL 4069467 (E.D. Va. Sept. 13, 2012). Pursuant to a plea agreement, Nie pleaded guilty to five counts of incest and five counts of aggravated sexual battery in the Prince William County Circuit Court. Id. Final judgment was entered on April 13, 2010. Id. The circuit court sentenced him to 100 years' imprisonment with 80 years suspended. Id. Nie did not challenge his convictions on direct appeal. Id.

In September 2011, Nie filed a habeas petition in the Virginia Supreme Court, raising a number of constitutional violations. Id.; Resp't's Mem. Ex. A (ECF No. 15-1). On December 14, 2011, Nie filed a habeas petition in the Western District of Virginia, which was transferred to this court. 2012 WL 4069542, at *1, *2 n.1. On December 22, 2011, pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned substituted the respondent listed, Samuel V. Pruett, Warden of the Coffeewood Correctional Center, with Harold W. Clarke, Director of the Virginia Department of Corrections. 2:11-cv-666, ECF No. 8. Due to the pending state habeas petition in the Virginia Supreme Court, the undersigned, on February 7, 2012, ordered Nie to show cause as to why the court should not dismiss the federal petition for failure to exhaust. 2:11-cv-666, ECF No. 12. Less than a month later, Nie moved for a new magistrate judge, citing "a great concern how the current Magistrate Judge has handled the

Petitioner's Petition at the very early stage of the proceeding." 2:11-cv-666, ECF No. 13, at 1. According to Nie, the undersigned's substitution of the respondent deprived Nie of "fair due process of law," id. at 2, and demonstrated that the undersigned had "a personal interest in the outcome" of the matter, id. at 5 (emphasis omitted).

On April 4, 2012, the Virginia Supreme Court dismissed Nie's state habeas petition on the merits. 2012 WL 4069542, at *1; Mot. Vacate (ECF No. 1, at 41-45). As a result, on April 17, 2012, the undersigned terminated the show cause order, and a number of related motions by Petitioner, and ordered the respondent to file a Rule 5 Answer. 2:11-cv-666, ECF No. 15, at 1-2. The undersigned also denied Nie's motion for a new magistrate judge, finding, in part, that Nie had "articulated no basis for recusal." Id. at 2 n.1.

On September 13, 2012, pursuant to the undersigned's recommendation, this court dismissed Nie's federal habeas petition as untimely. 2012 WL 4069542, at *2-3; 2012 WL 4069467, *1 (adopting R. & R.). Nie appealed to the Fourth Circuit Court of Appeals, which dismissed his appeal on December 19, 2012. Nie v. Clarke, 501 F. App'x 231 (4th Cir. 2012). The United States Supreme Court denied Nie's petition for a writ of certiorari on May 28, 2013. Nie v. Clarke, 569 U.S. 1009 (2013).

In March 2014, Nie filed a Rule 60(b) motion to alter (1) the September 13, 2012 judgment denying Nie's federal habeas petition as untimely, arguing that the court misapplied the one-year statute of limitation under 28 U.S.C. § 2244(d)(1); and (2) the April 17, 2012 judgment denying Nie's request for a new magistrate judge, arguing that the undersigned's recusal was demanded by 28 U.S.C. §§ 144 and 455.[1] No. 2:11-cv-666, ECF No. 53. The court denied the motion on April

---

[1] Title 28, section 144 of the United States Code provides,

2, 2014. Nie v. Clark, No. 2:11-cv-666, 2014 WL 12547251 (E.D. Va. Apr. 2, 2014). In doing so, the court specified that the motion did "not raise any new issues of merit or substance, or any 'extraordinary circumstances' justifying relief." Id. at *2.

On April 23, 2014, Nie filed a Rule 59(e) motion to alter the September 13, 2012 dismissal of his habeas petition and the April 2, 2014 denial of his first Rule 60(b) motion. No. 2:11-cv-666, ECF No. 56. In the same motion, Nie sought appointment of counsel and a change of venue "to the Western District of Virginia, Alexandria Division," claiming that the assigned district judge had a "conflict of interest." Id. The court denied the motion on April 30, 2014, finding that Nie had "simply rehash[ed] the same arguments and facts previously presented" in the Rule 60(b) motion. Nie v. Clark, No. 2:11-cv-666, 2014 WL 12547252, at *2 (E.D. Va. filed May 1, 2014). In addition, the court denied Nie's request for counsel and for transfer of venue to the Western District of Virginia. Id. With respect to the latter issue, the court stated that "nothing in the Petitioner's record suggests that his case is improperly before the court in the Eastern District of

---

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Section 455 of the same title states, in relevant part, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "He shall also disqualify himself [if] he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

4

Virginia, nor that transfer to the Western District of Virginia would be in the interests of justice."[2] Id.

Finally, Nie filed a motion for "judicial notice of facts" on May 28, 2014. 2:11-cv-666, ECF No. 65. In this motion, Nie again took issue with the court's dismissal of his habeas petition, id. at 1-4, and sought transfer to the Alexandria Division "for an impartial Court, an impartial judge, and an impartial court appointed Lawyer," id. at 4. The court summarily denied that motion on June 5, 2014. 2:11-cv-666, ECF No. 66.

**B.     Present Proceedings**

Nie filed the present Rule 60(b) Motion on September 13, 2019, challenging (1) the September 13, 2012 dismissal of Nie's federal habeas petition; (2) the April 2, 2014 denial of Nie's first Rule 60(b) motion; and (3) the June 5, 2014 denial of Nie's motion for "judicial notice of facts."[3] Mot. Vacate (ECF No. 1, at 2). Nie argues that the court erred in finding his habeas petition time-barred. Mot. Vacate (ECF No. 1, at 3-6). And, apparently, the court's repeated rejection of his arguments clearly demonstrates the court's bias. Mot. Vacate (ECF No. 1, at 6) (stating that there is "no other way" to explain the court's rulings than actual bias). Consequently, the argument goes, the district judge was required to recuse herself under 28 U.S.C. §§ 144 and 455. Mot. Vacate (ECF No. 1, at 2, 4, 6). And the district judge's failure to do so not only violated

---

[2] Nie also requested that the court transfer his case "to the federal district court in Ohio and the Sixth Circuit Court of Appeals." No. 2:11-cv-666, ECF No. 57. The court denied that motion on May 2, 2014. No. 2:11-cv-666, ECF No. 61.

[3] Respondent's Motion to Dismiss indicates that Petitioner is also challenging the April 30, 2014 denial of the Rule 59(e) motion. See 2:11-cv-666, ECF No. 59. Petitioner refers to the Rule 59(e) denial at least once in his Rule 60(b) Motion, Mot. Vacate (ECF No. 1, at 6) (referring to "motion to change venue" that was denied on May 1, 2014), but he does not list it as one of the orders he seeks this court to set aside, id. (ECF No. 1, at 2). However, even if Petitioner seeks to challenge that denial as well, the undersigned's recommendation in this report remains the same.

Nie's constitutional and statutory rights, but also deprived the court of subject matter jurisdiction and rendered its orders void. Mot. Vacate (ECF No. 1, at 4-5).

Respondent argues that the court correctly concluded that Nie's federal habeas petition was filed outside the one-year limitation period prescribed by 28 U.S.C. § 2244(d)(1). Resp't's Mem. 5. As a result, the court's "decisions not to overturn a correct judgment cannot constitute bias" or give rise to any constitutional or statutory violations. Id.

On September 30, Nie filed the Amendment pursuant to Rule 60(b) and Va. Code § 8.01-428(A). Amendment (ECF No. 3, at 11). The Amendment, a motion to vacate addressed to the Alexandria Circuit Court, challenges Petitioner's incest and aggravated sexual battery convictions in the Prince William County Circuit Court on the grounds that his trial court proceedings contained several constitutional and statutory deficiencies. See Amendment (ECF No. 3, at 5) (alleging, among other things, ineffective assistance of counsel, perjured testimony by prosecutor and detective, and involuntary guilty plea). Petitioner asserts that these deficiencies render his convictions void. Amendment (ECF No. 3, at 5-6).

Though Nie's intent in submitting the Amendment is unclear (i.e., whether he submitted it as an amended or separate motion under Rule 60(b), or whether he submitted it as an exhibit for informational purposes only), Respondent treats the Amendment as a separate motion under Rule 60(b) and argues that it too should be dismissed. See Resp't's Mem. 6-9. According to Respondent, the Amendment is not a proper motion under Rule 60(b) because it does not challenge any order of this court, but rather relates to proceedings in the Prince William Country Circuit Court. Resp't's Mem. 7. Therefore, Respondent claims that the Amendment is properly characterized as a new habeas petition, which should be barred as an impermissible successive

habeas petition because Nie failed to first obtain authorization from the Fourth Circuit before filing, as required by 28 U.S.C. § 2244(b)(3). Id. at 7-8.

## II. Recommended Conclusions of Law

### A. The Original Rule 60(b) Motion

Rule 60(b)(4) of the Federal Rules of Civil Procedure provides that "the court may relieve a party . . . from a final judgment, order, or proceeding . . . [if] the judgment is void."[4] Fed. R. Civ. P. 60(b)(4). A judgement is void "only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). To be clear, relief pursuant to Rule 60(b)(4) is reserved "only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010); see also Wendt, 431 F.3d at 413 ("[W]hen deciding whether an order is 'void' under Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the 'rare instance of a clear usurpation of power.'" (quoting In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998))). Accordingly, courts must take care that litigants do not "use Rule 60(b)(4) to circumvent an appeal process they elected not to follow." Wendt, 431 F.3d at 412.

Because Nie's original Motion to Vacate challenges the court's application of 28 U.S.C. § 2244(d)'s one-year limitation period, it is properly characterized as a Rule 60(b) motion and not a successive habeas petition.[5] Gonzalez v. Crosby, 545 U.S. 524, 533 (2005); see also United States v. Sales, No. 18-6906, 2020 WL 1480839, at *4 (4th Cir. Mar. 23, 2020) ("Gonzalez further

---

[4] Additionally, the motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

[5] Respondent concedes this point. See Resp't's Mem. 4-5.

7

explained that a Rule 60(b) motion challenging only a district court's application of a habeas statute of limitations is not a second or successive petition."). Thus, to determine whether the judgment Nie challenges is void, the court must consider whether Nie's 2011 habeas petition was properly dismissed as time-barred.

Prisoners seeking federal habeas corpus relief from a state court judgment are subject to a one-year statute of limitations, which runs from the latest of the date on which (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court newly recognizes the right asserted; or (4) the claim's factual predicate was or could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Under § 2244(d)(1)(A), the applicable provision in this case,[6] a judgement becomes final at the conclusion of direct review, or when the time allowed for seeking review has expired. 28 U.S.C. § 2244(d)(1)(A). However, the statute of limitations tolls during state review of a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment. 28 U.S.C. § 2244(d)(2). "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennet, 531 U.S. 4, 8 (2000).

Even assuming Nie filed this Rule 60(b) Motion within a reasonable time, see Fed. R. Civ. P. 60(c)(1), the undersigned concludes that the Rule 60(b) Motion should be denied because the court correctly held that Nie's habeas petition was time-barred. As the undersigned noted in its previous report and recommendation, the Prince William County Circuit Court entered final

---

[6] In his Motion to Vacate, Nie clearly cites § 2244(d)(1)(A) as the applicable provision, Mot. Vacate (ECF No. 1, at 4-5), and there is no evidence that any of the other three triggering events are applicable here.

8

judgment against Nie on April 13, 2010. Mot. Vacate (ECF No. 1-2)[7]; Nie, 2012 WL 4069542, at *2. In Virginia, a party wishing to appeal a final judgment must file a notice of appeal no more than thirty days after judgment is entered. Va. Sup. Ct. R. 5A:6(a). Because Nie did not appeal, his judgment became "final" for purposes of 28 U.S.C. § 2244(d)(1)(A) on May 13, 2010 – thirty days after the Prince William County Circuit Court entered judgment against him. At that point, § 2244(d)(1)'s one-year limitation began to run. Accordingly, absent any tolling, Nie had until May 13, 2011 to file a § 2254 petition. But he did not file the petition until December 14, 2011 – seven months after the one-year limitation period expired. No. 2:11-cv-666, ECF No. 1, at 88; Nie, 2012 WL 4069542, at *1. Thus, unless Nie can show that he was entitled to tolling under § 2244(d)(2), his petition is time-barred.

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)(1)]." 28 U.S.C. § 2244(d)(2). Nie filed his state habeas petition no sooner than September 7, 2011, at which point the one-year period under § 2244(d)(1) had already expired. Mot. Vacate (ECF No. 1, at 3-4); Nie, 2012 WL 4069542, at *2. Accordingly, Nie was not entitled to tolling under § 2244(d)(2).

Nie appears to argue that because he filed his state habeas petition within the two-year limitation period established under Virginia law for filing state habeas petitions, see Va. Code § 8.01-654, the state petition should be considered a "properly filed application" under 28 U.S.C. § 2244(d)(2), rendering his federal habeas petition timely filed. Mot. Vacate (ECF No. 1, at 3-4). While Nie may have filed his state habeas petition within Virginia's two-year limitation period for

---

[7] This sealed electronic page is the final page of the Prince William County Circuit Court's sentencing order, the first five pages of which appear in ECF No. 1, at 67-71.

state petitions, the filing of that petition on September 7, 2011, did not affect the timeliness of his federal habeas petition because § 2244(d)(1)'s one-year limitation period had already expired – three months earlier on May 13, 2011. In other words, the pendency of a "properly filed" state habeas petition tolls the federal one-year limitation only when the one-year limitation has not yet expired. See Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("If the time to file a federal petition has not already expired," then filing of state petition "will . . . toll the § 2244(d)(1) period."). Thus, Nie did not, as he claims, have an additional year to file a § 2254 petition once the Virginia Supreme Court dismissed his state habeas petition on April 4, 2012. Mot. Vacate (ECF No. 1, at 4).

Nie cites a number of cases that he claims instruct otherwise. Mot. Vacate (ECF No. 1, at 5-6) (first citing Artuz, 531 U.S. 4; then citing Carey v. Saffold, 536 U.S. 214, 217 (2002); then citing Jackson v. Kelly, 650 F.3d 477, 491 (4th Cir. 2011); then citing Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); and then citing James v. Sussex I State Prison, 591 F.3d 707, 713-15 (4th Cir. 2010)). None of these cases, however, supports Nie's contention that the pendency of properly filed applications for state collateral relief toll the limitation period after it has already expired. See Carey, 536 U.S. at 219-21 (clarifying when an application for state collateral review is "pending"); Artuz, 531 U.S. at 8 (explaining when an application for state collateral review is "properly filed"); Jackson, 650 F.3d at 491 (holding that limitation period should have tolled under § 2244(d)(2) where petitioner filed state habeas petition before expiration of one-year statute of limitations)[8]; Jones, 591 F.3d at 712-15 (addressing when a pro se prisoner has "fairly present[ed]"

---

[8] Nie states that Jackson holds that the one-year limitation period "begins after period in 'which a properly filed application for state post-conviction or other collateral review . . . is pending' has expired." Mot. Vacate (ECF No. 1, at 22) (alteration in original) (quoting Jackson, 650 F.3d at 491). Nie misreads Jackson. Indeed, the sentence that Nie quotes reads, in its entirety, "The

10

his claims for purposes of exhaustion); Hill, 277 F.3d at 704 ("The running of the one-year limitation period, however, is suspended for '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" (alteration in original) (quoting 28 U.S.C. § 2244(d)(2))).

Although Nie correctly points out that § 2254(b)(1)(A) requires him to exhaust all available state remedies before he may file a § 2254 petition, he was required to do so before the one-year limitation established in § 2244(d)(1) expired. Here, however, Nie failed to file the state habeas petition within one year after his judgment was entered; thus, he was not entitled to any tolling. Section 2244(d)(2) does not permit a prisoner to file a § 2254 petition after the one-year limitation period has concluded simply because he later exhausts state remedies.

Nie attached to his Rule 60(b) Motion a memorandum opinion and accompanying order, both dated October 16, 2015, from the United States District Court for the District of Columbia. Mot. Vacate (ECF No. 1, at 72-74). The two-page opinion indicates that Nie filed a pro se complaint against the United States and others, apparently raising the same arguments that he raises here: "Generally, [Nie] alleges that the defendants have violated his constitutionally protected rights by 'failing to execute faithfully the laws of the land,' presumably because they failed to ensure that the [Nie]'s federal habeas petition was deemed timely filed." Mot. Vacate (ECF No. 1, at 72) (citations omitted). In dismissing Nie's complaint, the district court stated,

---

government concedes that the statute of limitations is tolled during the period in "which a properly filed application for State post-conviction or other collateral review . . . is pending." 650 F.3d at 491 (quoting 28 U.S.C. § 2244(d)(2)). Nothing in this sentence even remotely suggests that the one-year period begins only after a petitioner exhausts all state remedies. Indeed, such a holding would flatly contradict § 2244(d)(1)(A), which states that the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

11

"Insofar as [Nie] continues to challenge his convictions in the Virginia courts, he has no recourse in this federal district. . . . To the extent that [Nie] has exhausted his state remedies, his federal recourse lies in the United States District Court for the Eastern District of Virginia." Mot. Vacate (ECF No. 1, at 73).

According to Petitioner, this opinion from the District Court for the District of Columbia "contradicts" this court's ruling that Nie's § 2254 petition was time-barred. Mot. Vacate (ECF No. 1, at 3). The undersigned disagrees. That memorandum opinion did nothing more than inform Nie that, to the extent that he has exhausted all available state remedies, he must file for habeas relief in the Eastern District of Virginia. The District Court for the District of Columbia offered no ruling on the merits of Nie's underlying claims – indeed, it explicitly noted that it had no jurisdiction to do so. See Mot. Vacate (ECF No. 1, at 73) (citing 28 U.S.C. § 2241(d)). Furthermore, the fact that the opinion did not also mention § 2244(d)(1)'s one-year limitation period does not excuse Nie's compliance therewith. And as the undersigned has already explained, Nie may have exhausted state remedies by filing his state habeas petition in the Virginia Supreme Court, but he failed to do so <u>before</u> the federal limitation period had expired.

In his response to Respondent's Motion to Dismiss, Nie also argues that he is entitled to equitable tolling.[9] Resp. Opp. (ECF No. 21, at 3-4). More specifically, Nie argues that from March 20, 2009, to March 7, 2011, he was confined in facilities that provided no "meaningful access of [sic] legal materials." Resp. Opp. (ECF No. 21, at 3). Only until he was transferred to his current

---

[9] Failure to file a timely petition under § 2244(d) may also be excused if a petitioner establishes circumstances that would entitle him to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when a petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted) (quoting Pace v. DiGuglielmo, 554 U.S. 408, 418 (2005)).

place of incarceration on March 8, 2011, was he provided with adequate access to legal materials. Resp. Opp. (ECF No. 21, at 3-4). He further states that he did not receive his file from his trial counsel until April 20, 2011. Resp. Opp. (ECF No. 21, at 4). According to him, this delay in receiving his file made it impossible for him to timely file his federal habeas petition. Resp. Opp. (ECF No. 21, at 5).

The undersigned rejected these same arguments in its previous report and recommendation, noting,

> "Where a petitioner claims that the transfer interfered with law library access, or access to his personal legal papers while in transit, courts consistently hold that such results of prison transfers are not extraordinary for the purposes of equitable tolling."
>
> By Nie's own admission, he had law library access two months prior to the one-year deadline, and received his file three weeks prior to the deadline. Yet, his petition was not filed with this Court until seven months after the limitations period, and his state petition was filed almost four months past the deadline. Nie has failed to explain how his transfers prevented him from timely filing. . . . [Nie] has failed to identify any material from his attorney's file that was essential to supporting these arguments in his petition, and none is evident from an independent review of the pleadings. Furthermore, Nie received the file prior to the one-year deadline, and provided no explanation for the seven month delay in filing his federal petition. Accordingly, Nie is not entitled to equitable tolling.[10]

Nie, 2012 WL 4069542, at *3 (citations omitted) (quoting Allen v. Johnson, 602 F. Supp. 2d 724, 728 (E.D. Va. 2009)). However, in the present Rule 60(b) Motion, Nie does not explain why the court's judgment on this point is void – he simply repeats the same arguments. As such, the court need not address these allegations again. See Nie, 2014 WL 12547251, at *2 (denying Rule 60(b)

---

[10] Additionally, this court has previously found similar allegations insufficient for belated commencement of the one-year limitation period under 28 U.S.C. § 2244(d)(1)(B). See Provost v. Clarke, No. 3:18-cv-132, 2018 WL 6681206, *4 n.5 (E.D. Va. Dec. 19, 2018); Engel v. Clarke, No. 3:12-cv-586, 2014 WL 2157616, at *3-5 (E.D. Va. May 23, 2014); Piggott v. Kelly, No. 3:11-cv-432, 2012 WL 3579613, at *3-4 (E.D. Va. Aug. 17, 2012); Ocon-Parada v. Young, No. 3:09-cv-87, 2010 WL 2928590, at *2-4 (E.D. Va. July 23, 2010).

motion where petitioner did "not raise any new issues of merit or substance"); see also Gonzalez, 545 U.S. at 532 ("[A] Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.").

The court properly concluded that Nie's § 2254 petition was time-barred. Therefore, Nie's claim of bias by the court and related demand for a transfer – both of which were premised solely on Nie's incorrect assertion that the court's dismissal of his petition was erroneous – have no merit. As a result, the court's April 2, 2014 denial of Nie's first Rule 60(b) motion and its June 5, 2014 denial of Nie's motion for "judicial notice of facts" were also proper. Petitioner, therefore, has not pled a proper basis for setting aside as void any of the orders that he challenges in Civil Action No. 2:11-cv-666. Accordingly, the court should grant Respondent's Motion to Dismiss and deny Nie's Rule 60(b) Motion, ECF No. 1.

**B.    The Amendment**[11]

Unlike the original Rule 60(b) Motion, the Amendment attacks Nie's underlying convictions in the Prince William County Circuit Court. Amendment (ECF No. 3, at 4-5). Thus, the Amendment does not challenge a prior ruling of this court but "seeks 'an adjudication on the merits of [Petitioner's] claims." Gonzalez, 545 U.S. at 530 (quoting Woodford v. Garceau, 538 U.S. 202, 207 (2003)). However, in the context of federal habeas relief, "a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id. at 532. Consequently, the Amendment is

---

[11] As mentioned above, the Amendment is styled as a motion to vacate pursuant to Rule 60(b) and Va. Code § 8.01-428(A) and is addressed to the Alexandria Circuit Court. Amendment (ECF No. 3, at 1-3). Although it is unclear whether Petitioner filed the Amendment as a second Rule 60(b) motion or only as an exhibit, Respondent assumes the former and argues that it should be dismissed as an impermissible successive habeas petition. The court will likewise assume that the Amendment constitutes a second Rule 60(b) motion.

14

not a proper Rule 60(b) motion but is instead a § 2254 petition. Because Nie has already filed a § 2254 petition, the court must determine whether the Amendment constitutes a successive habeas petition and, if so, whether it is appropriate for review.

A habeas petition is considered "successive" only if the petitioner has previously filed a habeas petition that was adjudicated on the merits. See Slack v. McDaniel, 529 U.S. 473, at 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed . . . is not a second or successive petition."); Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002) ("In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits."), abrogated on other grounds by Skinner v. Switzer, 562 U.S. 521 (2011).

Here, the court dismissed Nie's first § 2254 petition as time-barred. In this circuit, a determination that a § 2254 petition is time-barred under § 2244(d)(1) constitutes a ruling on the merits. See McKnight v. Bishop, 771 F. App'x 201, 201-202 (4th Cir. 2019); Koon v. Whitney, No. 1:19-cv-213, 2019 WL 3050401, at *2 (W.D.N.C. July 10, 2019); Johnson v. Warden, McCormick Corr. Inst., No. 4:19-cv-1323, 2019 WL 2423632, at *2 (D.S.C. May 15, 2019); Farris v. Martin, No. 3:18-cv-68, 2018 WL 4346600, at *1-2 (N.D.W. Va. Aug. 22, 2018); cf. Mejia v. Rickard, No. 1:18-cv-1321, 2019 WL 4145676, at *1-2, 4-5 (S.D.W. Va. July 8, 2019) (holding the same with respect to § 2255 petitions); United States v. Hayes, 352 F. Supp. 3d 629, 634-35 (W.D. Va. 2019) (same); Rudisill v. United States, No. 1:19-cv-112, 2019 WL 2252152, at *2 (W.D.N.C. May 24, 2019) (same). As a result, the Amendment constitutes a successive habeas petition.

Before a prisoner may file a second or successive habeas petition in the district court, he must first obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A);

15

see also Gonzalez, 545 U.S. at 530 ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. (citing 28 U.S.C. § 2244(b)(3)). "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider [the] application." Richardson v. Thomas, 930 F.3d 587, 594-95 (4th Cir. 2019) (alteration in original) (quoting United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)); see also Gonzalez, 545 U.S. at 530-32 (holding that use of Rule 60(b) to raise new or previously litigated claims "would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar" (citing 28 U.S.C. § 2244(b)(3))).

Because Nie has previously filed a § 2254 petition that was dismissed on the merits, he is required under § 2244(b)(3)(A) to obtain authorization from the Fourth Circuit before he is permitted to file a successive habeas petition. 28 U.S.C. § 2244(b)(3)(A). The court has not received an order from the Fourth Circuit authorizing the consideration of Nie's successive application. Thus, the court lacks jurisdiction to consider the Amendment. See Richardson, 930 F.3d at 594-95. Accordingly, the court should dismiss the Amendment as an impermissible successive habeas petition.

      **C.**    **Additional Motions**

In addition to the Rule 60(b) Motion and the Amendment, Nie has filed a Motion for Immediate Release, ECF No. 8; a Motion to Transfer Case, ECF No. 9; and a Motion for Leave to File an Amendment of the Brief in Opposition, ECF No. 26. The first two motions are premised on the same arguments raised in his original Rule 60(b) Motion – that the court incorrectly and biasedly judged his federal habeas petition time-barred. But because this report concludes that the

Rule 60(b) Motion lacks merit, it also recommends that the court deny both of these motions, ECF Nos. 8, 9.

The third motion, ECF No. 26, seeks leave to file a supplemental opposition brief. Rule 7 of the Local Rules for the United States District Court for the Eastern District of Virginia governs, among other things, the filing of motions and related briefs. Under Rule 7(F)(1), motions "shall be accompanied by a written brief setting forth a concise statement of facts and supporting reasons, along with a citation of the authorities upon which the movant relies." Local Civ. R. 7(F)(1). The opposing party must file a response brief within fourteen calendar days, and the moving party may file a reply brief within six calendar days. Local Civ. R. 7(F)(1). "No further briefs or written communications may be filed without first obtaining leave of Court." Local Civ. R. 7(F)(1). Although the Rule does not state the circumstances under which the court should grant or deny leave, common sense dictates that a court may deny leave when the supplemental brief would be futile.[12] See MercExchange, L.L.C. v. eBay, Inc., 660 F. Supp. 2d 653, 666-67 (E.D. Va. 2007) (denying party's request to file a supplemental memorandum as futile).

Nie's proposed supplemental brief raises the same arguments in the original Rule 60(b) Motion but includes several new case authorities. Mot. Leave (ECF No. 26-1, at 4-5) (first citing Knight v. Columbus, 19 F.3d 579, 582 (11th Cir. 1994); then citing United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977); then citing Maslauskas v. United States, 583 F. Supp. 349, 351 (D. Mass. 1984); and then citing Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 448 (11th Cir. 1993)). However, these cases are inapposite as none involves § 2244(d)(1)'s one-year statute of

---

[12] At least one decision in this district has likened the standard to that of determining whether to grant leave to file amended or supplemental pleadings pursuant to Federal Rule of Civil Procedure 15. See Slay's Restoration, LLC v. Wright Nat'l Flood INS. Co., No. 4:15-cv-140, 2016 WL 4257039, at *1-2 (E.D. Va. Aug. 10, 2016).

limitations. See Evans, 431 U.S. at 554-60 (analyzing whether defendant committed "continuing violation" in Title VII employment discrimination action); Knight, 19 F. 2d at 580 (determining the "applicability of the 'continuing violation' doctrine to the statute of limitations under the Fair Labor Standards Act"); Calloway, 986 F.2d at 447 ("This appeal presents the question of whether a Title VII claim for wage discrimination is a single or continuing violation."); Maslauskas, 583 F. Supp. at 350-52 (considering plaintiff's claim that defendant committed a "continuing tort" under the Federal Tort Claims Act). Because granting leave to file the supplemental brief would be futile to the disposition of Respondent's Motion to Dismiss, the court DENIES Nie's Motion for Leave, ECF No. 26.

## IV.   Conclusion and Recommendation

For the foregoing reasons, the undersigned RECOMMENDS the court:

1. GRANT Respondent's Motion to Dismiss, ECF No. 14;
2. DENY Petitioner's Motion to Vacate, ECF No. 1;
3. DISMISS Petitioner's Amendment, ECF No. 3;
4. DENY Petitioner's Motion for Immediate Release, ECF No. 8;
5. DENY Petitioner's Motion to Transfer Case, ECF No. 9; and
6. DISMISS the case.

Additionally, the court DENIES Petitioner's Motion for Leave to File an Amendment of the Brief in Opposition, ECF No. 26, because granting leave would be futile for the reasons explained above.

## V.   Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

_____
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 14, 2020